1

2

3

4

5

6

7

8

9

10                          **UNITED STATES DISTRICT COURT**

11                         **EASTERN DISTRICT OF CALIFORNIA**

12

13  MICHAEL JEROME MITCHELL,          )        2:08-cv-01658-HDM(DAD)
                                      )
14       Plaintiff,                   )        ORDER
                                      )
15  vs.                               )
                                      )
16  SNOWDEN, SEATON, LARIOS, COMPTON, )
    ENGELLEMER, S. VANCE, JOHN/JANE   )
17  DOE,                              )
                                      )
18       Defendants.                  )
    _____ )
19
         Plaintiff is a state prisoner proceeding *pro se* in this
20
    action.  He seeks relief pursuant to 42 U.S.C. § 1983 and has
21
    requested authority to proceed *in forma pauperis* pursuant to 28
22
    U.S.C. § 1915.
23

24
    **I. *In Forma Pauperis* Application**
25
         Plaintiff has submitted a declaration that makes the showing
26
    required by 28 U.S.C. § 1915(a). (#5)  Accordingly, the request to
27
    proceed *in forma pauperis* is granted.
28

                                      1

1    Plaintiff is required to pay the statutory filing fee of
2  $350.00 for his application.  28 U.S.C. § 1914(a), 1915(b)(1).
3  Plaintiff wrote two letters to this court, dated March 2, 2009 and
4  March 15, 2009, requesting that a friend pay the entire filing fee
5  amount directly to the court.  In an order dated April 2, 2009,
6  this court advised the plaintiff that "pursuant 28 U.S.C. § 1914(a)
7  the total *in forma pauperis* application fee is $350.  Plaintiff
8  owes the full amount.  Any such amount should be paid directly to
9  the clerk of court with certification made that the payment is on
10 plaintiff's behalf and is to be applied to the filing fee." (#10)
11 As instructed, a payment of $200 was made toward the filing fee on
12 plaintiff's behalf. (#11) The remaining $150 balance is
13 forthcoming. (#11) If the remainder is not paid by Thursday, July
14 30, 2009, the court will direct the California Department of
15 Corrections to collect the remaining fee owed from plaintiff's
16 prison trust account.

17

18 **II. Relief Pursuant 42 U.S.C. § 1983**

19    This court is required to screen complaints brought by
20 prisoners seeking relief against a governmental entity, officer, or
21 employee of a governmental entity.  28 U.S.C. § 1915A(a).  This
22 court must dismiss a complaint or portion thereof if the prisoner
23 has raised claims that are legally "frivolous or malicious," that
24 fail to state a claim upon which relief may be granted, or that
25 seek monetary relief from a defendant who is immune from such
26 relief.  28 U.S.C. §§ 1915A(b)(1) and (2), 1915(e)(2).
27    A claim is legally frivolous when it lacks an arguable basis
28 in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325

2

1   (1989).  Therefore, a court may dismiss a claim as frivolous where
2   it is based on an indisputably meritless legal theory or where the
3   factual contentions are clearly baseless.  *Id.* at 327.

4        Dismissal of a complaint for failure to state a claim upon
5   which relief may be granted is provided for in Federal Rule of
6   Civil Procedure 12(b)(6).  The court applies the same standard
7   under Section 1915(e)(2) when reviewing the adequacy of a complaint
8   or amended complaint.  Such review is a ruling on a question of
9   law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir.
10  2000).  Dismissal for failure to state a claim is proper only if it
11  is clear that the plaintiff cannot prove any set of facts in
12  support of the claim that would entitle him or her to relief.  *See*
13  *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making
14  this determination, the court takes as true all allegations of
15  material fact stated in the complaint, and construes them in the
16  light most favorable to the plaintiff.  *See Warshaw v. Xoma Corp.*,
17  74 F.3d 955, 957 (9th Cir. 1996).  Allegations in a *pro se*
18  complaint are held to a less stringent standard than formal
19  pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520-
20  21 (1972).

21

22  **III. Plaintiff's Claims**

23       Plaintiff is a California state prisoner, housed at New Folsom
24  California State Prison in Sacramento, California.  On March 17,
25  2007, plaintiff was assaulted by three other inmates during the
26  "P.M. (Evening) Day-Room" activities in an enclosed maximum
27  security mental health unit with approximately twenty other inmates
28  present.  A minimum of two prison officers supervise the unit from

3

1  a control tower.  At least one officer must be present at the post
2  at all times.

3      Plaintiff alleges he was attacked twice over a twenty-minute
4  period. The first assault lasted two minutes.  The second assault
5  occurred approximately five minutes after the first and lasted
6  between fifteen and twenty minutes, during which plaintiff lost
7  consciousness.  According to plaintiff, prison staff failed to
8  intervene during the attacks and failed to respond promptly
9  afterward.  Plaintiff claims that corrections officers delayed
10 coming to his aid until after the conclusion of the day-room
11 activities.

12     Plaintiff sustained several severe injuries from the assault
13 including a mandibular fracture, a compound tibula fracture, nasal
14 fracture, orbital fracture, the loss of two teeth (one which was
15 ingested into plaintiff's lung), permanent brain damage, and
16 extensive psychological trauma including post traumatic stress
17 disorder.  Plaintiff received medical treatment for his injuries,
18 but some of his injuries are permanent. Administrative action was
19 taken against plaintiff's three inmate-assailants.

20     Plaintiff names seven defendants in his complaint: Snowden,
21 Seaton, Larios, Compton, Engellemer, S. Vance, and John/Jane Doe.
22 Plaintiff alleges the defendants violated his Eighth Amendment
23 rights by acting with deliberate indifference to plaintiff's health
24 and safety, which resulted in the March 17, 2007 attack on
25 plaintiff.  Plaintiff seeks punitive and compensatory damages in
26 the amount of $1,000,000, or what the court may deem just and
27 proper.

28     All defendants are employed at New Folsom Prison.  Defendants

4

Snowden, Seaton, Larios, and Compton are corrections officers at the prison.  Defendant Engellemer is a corrections sergeant. Defendant S. Vance is a corrections captain.  Defendant John/Jane Doe is a corrections lieutenant.  All defendants are being sued in their individual capacities and are persons for purposes of § 1983. *See Hafer v. Melo*, 502 U.S. 21, 31 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003); *DeNieva v. Reyes*, 966 F.2d 480, 483 (9th Cir. 1992).  Prison officials and corrections officers are not entitled to absolute immunity. *See Procunier v. Navarette*, 434 U.S. 555, 561 (1978).  In addition, in cases involving claims of deliberate indifference to a prisoner being attacked by another prisoner, defendant guards are denied qualified immunity. *Rider v. Louw,* 957 F. Supp. 983 (E.D.Mich. 1997).  Thus, all defendants are subject to monetary damages.

Plaintiff's specific allegations as to each defendant are as follows.  Plaintiff alleges defendant Snowden was aware plaintiff's assailants were planning to attack an inmate during the day-room activities on March 17, 2007.  Plaintiff also alleges defendant Snowden was aware of prior attacks on other inmates by two of plaintiff's assailants, but failed to report those attacks. Plaintiff claims that defendant Snowden knew unit staff relied on his reporting of any acts of violence or assaultive behavior that would impact the security in the unit.  Finally, plaintiff claims defendant Snowden was the officer assigned to the control tower on March 17, 2007.  Plaintiff alleges that at no time did defendant Snowden intervene or act to protect plaintiff during the attacks.

Plaintiff alleges defendant Seaton was a unit floor officer present during the previous attack by plaintiff's assailants on

another inmate, but did not report that attack.  Plaintiff also
alleges defendant Seaton was the unit floor officer on duty during
the day-room activities on March 17, 2007, but did not intervene to
protect plaintiff when he was attacked.

Plaintiff alleges defendant Larios was also present as a unit
floor officer on the day he was assaulted, but failed to monitor
the unit properly and did not intervene to protect plaintiff.

Plaintiff alleges defendant John/Jane Doe was aware the
control tower was short-staffed on March 17, 2007.  Plaintiff also
alleges defendant Doe was aware that one of plaintiff's assailants
was improperly housed in the mental health unit and posed a
security risk to the other inmates in the unit.

Plaintiff alleges that defendant S. Vance was also aware that
one of plaintiff's assailants should not have been allowed to
interact with inmates in the mental health unit.  Plaintiff also
alleges defendant Vance knew that one of plaintiff's assailants was
planning to assault another inmate on March 17, 2007.  Finally,
plaintiff alleges defendant Vance knew, or should have known, there
would be only one officer posted in the control tower during the
P.M. day-room activities on March 17, 2007.

Plaintiff alleges defendant Compton was present in the unit
when plaintiff was attacked and stole $250.00 worth of his personal
property after the attack.  In addition, plaintiff alleges
defendant Compton knew of at least two prior assaults by one of
plaintiff's assailants on other inmates, and of at least one
assault by two of plaintiff's assailants on another inmate that
occurred prior to plaintiff's attack on March 17, 2007.  Plaintiff
alleges defendant Compton failed to properly report or investigate

6

1  these other assaults, thus subjecting inmates in the unit to an

2  increased risk of harm.

3       Lastly, plaintiff alleges defendant Engellemer, who was the

4  supervising sergeant of the unit on March 17, 2007, attempted to

5  interview the assailants about their plans to attack another inmate

6  prior to the assault on plaintiff and guaranteed the assailants

7  would not be put into administrative segregation if they consented

8  to be interviewed. This, according to plaintiff, facilitated the

9  attack on him on March 17, 2007.  In addition, plaintiff alleges

10  defendant Engellemer knew one of his assailants should not have

11  been allowed to interact with plaintiff and the other inmates in

12  the mental health unit.  Finally, plaintiff alleges defendant

13  Engellemer knew the control tower for the unit would be short-

14  staffed during the P.M. day-room activities on March 17, 2007,

15  thus, lowering security on the unit.

16

17  **IV. Analysis of Plaintiff's Claims**

18       The Eighth Amendment requires prison officials take reasonable

19  measures to guarantee the safety of prisoners, including protection

20  from violence at the hands of other prisoners.  *Farmer v. Brennan*,

21  511 U.S. 825, 833 (1994).  However, not "every injury suffered by

22  one prisoner at the hands of another...translates into

23  constitutional liability for prison officials." *Id.* at 834. In

24  order to establish an Eighth Amendment claim for failure to

25  protect, an inmate must show: (1) that his incarceration posed a

26  "substantial risk of serious harm," and (2) that prison officials

27  acted with "deliberate indifference" towards him by disregarding an

28  "excessive risk to [his] health or safety." *Id.*  Thus, merely

7

failing to exercise due care in failing to prevent an assault by
other prisoners will not suffice. *Id*. at 835, 837; *see also*
*Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986) (finding that
prison officials' negligent failure to heed prisoner's notification
of threats from another inmate, followed by an assault, is not a
deprivation of constitutional rights); *see also Schwartz v. County*
*of Montgomery*, 843 F. Supp. 962 (E.D.Pa.), *aff'd*, 37 F.3d 1488 (3d
Cir. 1994) (stating that corrections officers' failure to observe
institutional policies regarding the supervision of dangerous
inmates constitutes negligence, which cannot support a § 1983
action for violation of the Eighth or Fourteenth Amendments).

Still, while "threats between inmates are common and do not,
under all circumstances, serve to impute actual knowledge of a
substantial risk of harm," a plaintiff who alleges additional
reasons for prison officials to be concerned, such as previous
incidents between assailant and plaintiff, any history of assailant
attacking other inmates, or cause for retaliation by assailant
against plaintiff, may be sufficient to establish prison officials
knew of a substantial risk of harm. *See Perkins v. Grimes*, 161
F.3d 1127, 1130 (8th Cir. 1998); *Prater v. Dahm*, 89 F.3d 538, 541-2
(8th Cir. 1996).  In addition, "a prison official [cannot] escape
liability for deliberate indifference by showing that, while he was
aware of an obvious, substantial risk to inmate safety, he did not
know that the complainant was especially likely to be assaulted by
the specific prisoner who eventually committed the assault."
*Farmer*, 511 U.S. at 843. "[I]t does not matter whether the risk
comes from a single source or multiple sources, any more than it
matters whether a prisoner faces an excessive risk of attack for

8

reasons personal to him or because all prisoners in his situation face such a risk." *Id.* Thus, a defendant may be held criminally liable for injury to an unanticipated victim. *Id.* at 844; *see also State v. Julius,* 185 W.Va. 422, 431-2, 408 S.E.2d 1, 10-11 (1991).

Further, a "correctional officer's presence at an attack of an inmate, where he does nothing to stop an assault, may be sufficient to establish a claim under Section 1983." *Williams v. Russo*, 2009 WL 185758, *3 (W.D.N.Y. 2009).

Finally, personal participation is an essential allegation in a Section 1983 claim. *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of *respondent superior*. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). However, it is the prison officials who must "prove that they were unaware even of an obvious risk to inmate health and safety." *Farmer*, 511 U.S. at 844.

Accordingly, plaintiff has stated a claim against defendants Snowden, Seaton, Larios, Vance, and Compton. Defendants Snowden, Seaton, Largos, and Compton were present when plaintiff was attacked and allegedly failed to intervene over a 20 minute period. In addition, plaintiff has alleged these defendants were aware of the substantial risk plaintiff's three assailants posed to other unit inmates' health and safety, even though they may not have known the assailants would attack plaintiff specifically. A corrections officer cannot escape liability for deliberate

9

indifference if he was aware of an obvious, substantial risk to
inmate safety, even though he did not know that the plaintiff was
especially likely to be assaulted by the specific prisoner or
prisoners who eventually committed the assault. *Farmer*, 511 U.S. at
843. Defendant Vance, although not alleged to be present when
plaintiff was attacked, is alleged to have knowledge of additional
reasons to be concerned about inmate safety, such as the
assailants' plans to attack another inmate, the improper housing of
one of plaintiff's assailants, and the insufficient staffing of the
unit during the P.M. day-room activities in May 17, 2007.
Plaintiff alleges defendant Vance failed to act on this knowledge.
This may be sufficient to establish defendant Vance knew of a
substantial risk of harm, that defendant Vance ignored. *See
Perkins,* 161 F.3d at 1130; *Prater*, 89 F.3d at 541-2.

However, plaintiff has failed to state a claim against
defendant Engellemer.  Under the Eighth Amendment, it is a prison
official's duty to ensure "reasonable safety." *Farmer*, 511 U.S. at
845.  This standard "incorporates due regard for prison officials'
'unenviable task of keeping dangerous men in safe custody under
humane conditions.'" *Id.* (citing *Spain v. Procunier*, 600 F.2d 189,
193 (CA9 1979) (Kennedy, J.)); *see also Bell v. Wolfish*, 441 U.S.
520, 547-8.  Thus, "prison officials who actually knew of a
substantial risk to inmate health or safety may be found free from
liability if they responded reasonably to the risk, even if the
harm was not averted." *Id.* at 844.  As alleged by plaintiff,
defendant Engellemer's response to the potential risk to inmate
health and safety posed by plaintiff's assailants was reasonable.
Defendant Engellemer was responsive to inmate concerns for safety –

1  he interviewed the assailants about their plans to attack another

2  inmate in order to verify a generalized threat (a threat that was

3  not specific to plaintiff). The Supreme Court has held that less

4  responsive action by a prison official falls short of deliberate

5  indifference. *Davidson v. Cannon*, 474 U.S. 327, 106 S. Ct. 662, 88

6  L.Ed.2d 662 (1986) (A prison guard's failure to read a note passed

7  by an inmate regarding threats to inmate's safety by other

8  prisoners and failure to notify other officers of the threat does

9  not constitute deliberate indifference, even when inmate was

10 subsequently attacked and suffered severe injuries. Mere negligence

11 or lack of due care is not cognizable under Section 1983.); *see*

12 *also Demaio v. Coughlin*, 1994 WL 714537, 1994 U.S. Dist. LEXIS

13 18391 (W.D.N.Y. Dec. 8, 1994) (fact that prisoner and others for

14 him called or wrote to commissioner of corrections protesting

15 prisoner's transfer to another institution and advising that

16 prisoner had "enemies" there, failed to establish that commissioner

17 knew of a specific risk of harm).  A defendant's awareness of a

18 possibility of attack does not constitute deliberate indifference.

19 *See Ruefly v. Landon*, 825 F.2d 792, 794 (4th Cir. 1987).

20      Plaintiff has also failed to state a claim against defendant

21 Doe.  Defendant Doe is an unknown defendant. In addition, plaintiff

22 cannot proceed against defendant Doe only on allegations that

23 defendant Doe failed to observe institutional policies regarding

24 the supervision of inmates. *Schwartz*, 843 F. Supp. 962 (E.D.Pa.),

25 aff'd, 37 F.3d 1488 (3d Cir. 1994).

26      Accordingly, IT IS HEREBY ORDERED that:

27      1. Plaintiff's request to proceed *in forma pauperis* is

28 granted;

11

2. Plaintiff is obligated to pay the entire statutory filing fee of $350.00 for this action, as instructed by this court in its order dated April 2, 2009.  A balance of $150.00 remains to be paid.  The balance shall be paid by Thursday, July 30, 2009.  If it is not, the remaining fee owed will be collected from plaintiff's prison trust account.

3. Plaintiff's claims against defendants Engellemer and Doe are dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order.  Failure to file an amended complaint will result in dismissal of defendant Engellemer and Doe from this action.

4. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.


DATED: This 16th day of June, 2009.

_____

UNITED STATES DISTRICT JUDGE

12