Case 2:08-cv-01658-JAM-DAD   Document 47   Filed 03/07/11   Page 1 of 6

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL J. MITCHELL,

    Plaintiff,                            No. CIV S-08-1658 DAD P

    vs.

SNOWDEN, et al.,                      ORDER AND

    Defendants.                   FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with an action filed pursuant to 42 U.S.C. § 1983. On June 1, 2010, defendant Compton moved to dismiss this action, arguing that plaintiff had failed to exhaust his available administrative remedies prior to filing this suit as required. Plaintiff has not filed an opposition to the motion.[1]

/////

---

[1] Plaintiff requested, and the court granted him, seven extensions of time to file an opposition to defendant Compton's motion to dismiss. In the court's most recent order, the undersigned informed plaintiff that he was required to file an opposition to defendant Compton's motion on or before February 21, 2011, or the court would issue findings and recommendations in response to the pending motion without plaintiff's opposition. Although plaintiff still has not filed an opposition, for the reasons discussed infra, the undersigned will recommend denying defendant Compton's motion. However, plaintiff is strongly cautioned that if he fails to comply with court orders and the Local Rules of Court in the future, the court will recommend dismissing this action for failure to prosecute and failure to comply with the court's orders.

1

# BACKGROUND

Plaintiff is proceeding on his original complaint against defendants Snowden, Seaton, Larios, Vance, and Compton.[2] Therein, he alleges that on March 17, 2007, three of his fellow inmates attacked him in an enclosed unit about half of the size of a basketball court. The inmates allegedly attacked plaintiff twice over the course of approximately twenty minutes. Plaintiff alleges that he attempted to alert staff and enlist the assistance of other inmates during the attack to no avail. As a result of the attack, plaintiff alleges that he suffered a jaw fracture, a compound tibia fracture, a nasal fracture, an orbital/eye socket fracture, and a loss of two teeth. He also alleges that he suffers from post-traumatic stress disorder. Plaintiff claims that the named defendants failed to protect him in violation of the Eighth Amendment and requests monetary damages.[3]  (Compl. at 3-11.)

# DEFENDANT'S MOTION TO DISMISS

Counsel for defendant Compton argues that plaintiff failed to exhaust his available administrative remedies prior to filing this suit as required. Specifically, defense counsel argues that plaintiff did not file any inmate appeals concerning his allegations that defendant Compton failed to investigate prior incidents of violence by plaintiff's assailants. (Def.'s Mot. to Dismiss at 3-4.)

# ANALYSIS

I. <u>Legal Standards Applicable to a Motion to Dismiss Pursuant to Non-Enumerated Rule 12(b)</u>

By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions

---

[2] Defendants Snowden, Seaton, Larios, and Vance have filed an answer to plaintiff's complaint.

[3] Senior District Judge Howard D. McKibben screened plaintiff's complaint and determined that it appeared to state a cognizable claim under the Eighth Amendment against defendants Snowden, Seaton, Larios, Vance, and Compton. On January 25, 2011, Judge McKibben recused himself and the matter was reassigned to the undersigned.

under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

The United States Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. Id. at 741 n.6. Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. Woodford v. Ngo, 548 U.S. 81, 90-93 (2006).

In California, prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Most appeals progress through three levels of review. See Cal. Code Regs. tit. 15, § 3084.7. The third level of review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation and exhausts a prisoner's administrative remedies. Cal. Code Regs. tit. 15, § 3084.7(d)(3). A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available before filing suit. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

The PLRA exhaustion requirement is not jurisdictional but rather creates an affirmative defense that a defendant may raise in a non-enumerated Rule 12(b) motion. See Jones v. Bock, 549 U.S.199, 216 (2007) ("[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints."); Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th

Cir. 2003). The defendants bear the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. "I[f] the district court looks beyond the pleadings to a factual record in deciding the motion to dismiss for failure to exhaust–a procedure closely analogous to summary judgment–then the court must assure that [the prisoner] has fair notice of his opportunity to develop a record."[4] Id. at 1120 n.14. When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Id. at 1120. See also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005). On the other hand, "if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad." Jones, 549 U.S. at 221.

II. Discussion

The court finds that plaintiff properly exhausted his Eighth Amendment failure to protect claim against defendant Compton prior to filing this suit as required. Contrary to defense counsel's argument, plaintiff was not required to allege every fact necessary to state or prove a legal claim against defendant Compton in his inmate appeal. As the Ninth Circuit Court of Appeals has explained:

> A grievance need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved. A grievance also need not contain every fact necessary to prove each element of an eventual legal claim. The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation.

Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009). See also Jones, 549 U.S. at 219 ("exhaustion is not per se inadequate simply because an individual later sued was not named in the grievances.").

---

[4] Plaintiff was notified of the requirements for opposing a motion to dismiss brought pursuant to non-enumerated Rule 12(b) on March 18, 2010. (Order filed Mar. 18, 2010 at 3-4.)

"The level of detail in an administrative grievance necessary to properly exhaust a claim is determined by the prison's applicable grievance procedures." Morton v. Hall, 599 F.3d 942, 946 (9th Cir. 2010). At the time plaintiff filed his inmate appeal (SAC-07-01111), CDC Form 602 instructed him to "describe the problem and the action requested." Here, plaintiff included sufficient detail in his inmate appeal to put prison officials on notice of the nature of his failure to protect claim. Plaintiff also complained that he had previously told correctional officers about his assailants attacking other inmates, but that they failed to remove the assailants from the unit or do anything about it. Plaintiff maintained throughout his inmate appeal that had correctional staff pursued these assailants they would not have attacked him. (Defs' Mot. to Dismiss, Ex. B.)

In their responses to his inmate appeal, prison officials acknowledged plaintiff's complaints. For example, at the director's level of review, Chief Grannis wrote:

> It is appellant's position that staff at the California State Prison, Sacramento (SAC) failed to protect him from being assaulted. The appellant alleges that on March 17, 2007, he was the victim of an alleged battery during dayroom program in Three Block Facility "A." Specifically, the appellant indicates that he was brutally attacked by three inmates and left on the dayroom floor for awhile and then one of the assailants took him back to his cell where he laid for one to two hours before flagging down staff for assistance. The appellant claims that he advised staff on a previous occasion about the assailants attacking another inmate in the unit; however, staff failed to remove these inmates from the unit.

(Defs' Mot. to Dismiss, Ex. B.) Because prison officials acknowledged plaintiff's claim in responding to his inmate appeal, defendant Compton cannot now claim that prison officials did not have sufficient notice of the claim. See Jones, 549 U.S. at 219 (citing Johnson v. Johnson, 385 F.3d 503, 522 (5th Cir. 2004) ("We are mindful that the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued; the grievance process is not a summons and complaint that initiates adversarial litigation.")).

/////

As noted above, the defendant has the burden to raise and prove the affirmative defense of failure to exhaust administrative remedies.  See Jones, 549 U.S. 216; Wyatt, 315 F.3d at 1117-19.  Defendant Compton has not carried his burden in this instance.  Accordingly, defendant Compton's motion to dismiss should be denied.

**CONCLUSION**

IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that defendant Compton's June 1, 2010 motion to dismiss (Doc. No. 20) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 5, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
mitc1658.57