IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL J. MITCHELL,

        Plaintiff,                      No. CIV S-08-1658 JAM DAD P

    vs.

SNOWDEN, et al.,

        Defendants.            ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se with an action filed pursuant to 42 U.S.C. § 1983.

       On June 1, 2010, defendant Compton moved to dismiss this action, arguing that plaintiff had failed to exhaust his available administrative remedies prior to filing this suit as required. Plaintiff failed to file an opposition to that motion to dismiss even though the court granted him seven extensions of time to do so. Despite plaintiff's failure to file opposition to the pending motion, on March 7, 2011, the undersigned issued findings and recommendations recommending that the motion to dismiss be denied. Plaintiff has since filed two more motions for an extension of time to file his opposition.

       Since the court has already issued findings and recommendations, recommending that defendant Compton's motion to dismiss be denied, the court will deny plaintiff's motions for

an extension of time as unnecessary.  However, the court once again strongly cautions plaintiff that if he fails to comply with court orders and the Local Rules of Court in the future, the court will recommend dismissal of this action for failure to prosecute and failure to comply with the court's orders.

Also pending before the court is plaintiff's motion for appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for an extension of time (Doc. Nos. 48 & 49) are denied as unnecessary; and

2. Plaintiff's motion for appointment of counsel (Doc. No. 50) is denied.

DATED: March 16, 2011.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
mitc1658.36d