IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL JEROME MITCHELL,

    Plaintiff,                            No. CIV S-08-1658 JAM DAD P

   vs.

SNOWDEN, et al.,

    Defendants.              ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel.

        The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

        The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328,

1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

Plaintiff also appears to request an extension of time to conduct discovery. Under the court's May 27, 2011, discovery and scheduling order, the parties may conduct discovery through September 2, 2011. Plaintiff is advised that in the absence of good cause, the court will not modify the scheduling order in this case. See Fed. R. Civ. P. 16(f); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). Good cause exists when the moving party demonstrates that he could not meet a deadline despite exercising due diligence. Id. at 609. Here, plaintiff has not shown why discovery can not be completed in the four months allotted in the court's scheduling order. Nor has he demonstrated good cause to extend the discovery deadline.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for appointment of counsel and request for an extension of time to conduct discovery (Doc. No. 58) is denied.

DATED: August 10, 2011.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9:mp
mitc1658.31

2