IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL JEROME MITCHELL,

    Plaintiff,                   No. CIV S-08-1658 JAM DAD P

    vs.

SNOWDEN, et al.,

    Defendants.             <u>ORDER</u>

        Plaintiff is a state prisoner proceeding pro se with this civil rights action. Under the court's scheduling order, the parties were required to complete discovery by September 2, 2011, and file any dispositive motions on or before November 28, 2011. On August 30, 2011, the defendants filed a motion to modify the scheduling order and informed the court that they have been unable to depose plaintiff because his psychiatric condition deteriorated, and he was being held in an inpatient mental health unit where he was without access to his legal and personal property. Good cause appearing, the court granted defendants' motion and vacated the deadlines for discovery and dispositive motions. Defendants have since filed a status report with the court explaining that plaintiff's mental health condition has improved and he is now housed at Pelican Bay State Prison and is participating in the Enhanced Outpatient Program. Since plaintiff is no longer receiving inpatient care, he is now able to participate in a video deposition.

1

In accordance with the Local Rules, plaintiff has filed a notice of change of address with the court.  Therein, he asks the court to reconsider its order denying his motion for appointment of counsel and also asks for an extension of time to conduct discovery in light of his recent hospitalization for mental health issues.  As to plaintiff's motion for reconsideration of its order denying him appointment of counsel, the court has construed plaintiff's motion as a renewed motion for appointment of counsel.  As the court previously advised plaintiff, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances to exist at this time.

As to plaintiff's motion for an extension of time to conduct discovery, the court finds that there is good cause to re-open discovery and modify the scheduling order in this case.  See Fed. R. Civ. P. 16(f); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).  Specifically, plaintiff as well as defendants have demonstrated that discovery could not be completed in the four months allotted for that phase of the litigation in the court's scheduling order due to plaintiff's hospitalization.  Accordingly, the court will now re-set a schedule for this litigation.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration of the court's order denying him appointment of counsel construed as a renewed motion for appointment of counsel (Doc. No. 62) is denied;

2. Plaintiff's motion for an extension of time to conduct discovery (Doc. No. 62) is granted;

3. The parties may conduct discovery until January 6, 2012. Any motions necessary to compel discovery shall be filed by that date. All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34 or 36 shall be served not later than sixty days prior to that date;

4. All pretrial motions, except motions to compel discovery, shall be filed on or before March 9, 2012. Motions shall be briefed in accordance with paragraph 7 of this court's order filed March 18, 2010;

5. Pretrial conference and trial dates will be set, as appropriate, following adjudication of any dispositive motion, or the expiration of time for filing such a motion; and

6. The remainder of the discovery and scheduling order filed on May 27, 2011, remains in effect.

DATED: October 5, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
mitc1658.41mod(2)