IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL JEROME MITCHELL,

    Plaintiff,                        No. CIV S-08-1658 JAM DAD P

    vs.

SNOWDEN, et al.,

    Defendants.                     <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for an extension of time to conduct discovery.

        On May 27, 2011, this court issued a discovery and scheduling order. Pursuant to the order, the parties were allowed to conduct discovery until September 2, 2011. On August 30, 2011, the defendants filed a motion to modify the scheduling order and informed the court that they had been unable to depose plaintiff because his psychiatric condition had deteriorated, and he was being held in an inpatient mental health unit where he was without access to his legal and personal property. The court granted defendants' motion and vacated the deadlines for discovery and dispositive motions but instructed to defense counsel to keep the court apprised of plaintiff's condition. Within a month, defendants filed a status report informing the court that plaintiff's

1

1 mental health condition had improved and that he was now housed at Pelican Bay State Prison
2 and was participating in the Enhanced Outpatient Program.  On October 6, 2012, the court issued
3 a new discovery and scheduling order and allowed the parties to conduct discovery until January
4 6, 2012.  Finally, on November 10, 2011, plaintiff filed a motion for an extension of time to
5 conduct discovery explaining that he had not received access to his legal and personal property
6 since his transfer to Pelican Bay State Prison and was unable to meet the new discovery deadline
7 established by the court.  Defendants did not oppose plaintiff's motion and informed the court
8 that as of November 3, 2011, plaintiff had received all allowable legal and personal property.  On
9 December 22, 2011, the court issued the latest discovery and scheduling order in this case and
10 allowed the parties to conduct discovery until March 30, 2012.

11        In plaintiff's pending motion for an extension of time to conduct discovery, he
12 reiterates that he has experienced both medical and mental health challenges while attempting to
13 prosecute this action.  He also states that he believed he would be successful in retaining counsel
14 to assist him with discovery but learned recently that he would not be able to do so.  It is well
15 established that a party must show good cause to modify a scheduling order.  See Fed. R. Civ. P.
16 16(b); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).  Plaintiff
17 has failed to demonstrate good cause in support of his request to modify the scheduling order in
18 this case.  The court has provided the parties with more than ample time to conduct discovery.
19 Plaintiff has not explained with adequate specificity why he could not complete discovery in the
20 time allotted in this case or what discovery he still needs to conduct.  Although the court is
21 sympathetic to plaintiff's ongoing medical and mental health conditions, the court cannot allow
22 discovery in this case to carry on indefinitely.  Moreover, the court notes that this civil action was
23 commenced on July 18, 2008 and has now been pending before the court for almost four years.
24 In this instance, plaintiff has not made the requisite showing to extend the discovery deadline.
25 Accordingly, the court will deny plaintiff's motion.
26 /////

1  Plaintiff has also requested the appointment of counsel. As the court previously
2  advised plaintiff, the United States Supreme Court has ruled that district courts lack authority to
3  require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist.</u>
4  <u>Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may
5  request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v.</u>
6  <u>Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36
7  (9th Cir. 1990).

8  The test for exceptional circumstances requires the court to evaluate the plaintiff's
9  likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in
10 light of the complexity of the legal issues involved. See <u>Wilborn v. Escalderon</u>, 789 F.2d 1328,
11 1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances
12 common to most prisoners, such as lack of legal education and limited law library access, do not
13 establish exceptional circumstances that would warrant a request for voluntary assistance of
14 counsel. In the present case, the court does not find the required exceptional circumstances to
15 exist at this time.

16  Accordingly, IT IS HEREBY ORDERED that:

17  1. Plaintiff's motion for an extension of time to conduct discovery (Doc. No. 77)
18 is denied; and

19  2. Plaintiff's motion for appointment of counsel (Doc. No. 77) is denied.
20 DATED: June 21, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

23 DAD:9
mitc1658.den

3