1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10  MICHAEL JEROME MITCHELL,

11          Plaintiff,                    No.  2:  08-cv-1658 JAM DAD P

12      vs.

13  SNOWDEN, et al.,

14          Defendants.          FINDINGS & RECOMMENDATIONS

15  _____/

16          Plaintiff is a state prisoner proceeding *pro se* with a civil rights action filed

17  pursuant to 42 U.S.C. § 1983.  On June 8, 2012, defendants filed a motion for summary

18  judgment.  (See Dkt. No. 81.)  Plaintiff sought and received three extensions of time to file a

19  response to defendants' summary judgment motion.  With the extensions of time that plaintiff

20  received, his response to defendants' motion for summary judgment was due on October 12,

21  2012.  In a document dated September 23, 2012, plaintiff indicated that he would be submitting

22  his opposition to defendants' summary judgment motion on September 28, 2012.  (See Dkt. No.

23  92 at p. 2.)  To date, the court has not received plaintiff's response to the summary judgment

24  motion which is now past due.

25          On March 8, 2010 and again on July 20, 2012, plaintiff was advised of the

26  requirements for filing an opposition to a summary judgment motion and that failure to oppose

1

1   such a motion might be deemed a waiver of opposition to the motion.

2          "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss

3   an action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258,

4   1260 (9th Cir. 1992).  "In determining whether to dismiss a case for failure to comply with a

5   court order the district court must weigh five factors including:  '(1) the public's interest in

6   expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

7   prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;

8   and (5) the availability of less drastic alternatives.'"  Ferdik, 963 F.2d at 1260-61 (quoting

9   Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46

10  F.3d 52, 53 (9th Cir. 1995).

11         The court has considered the five factors set forth in Ferdik.  The first two factors

12  strongly support dismissal of this action.  The action has been pending for over four years and

13  has reached the stage, set by the court's December 22, 2011 scheduling order, for resolution of

14  dispositive motions, and, if necessary, preparation for pretrial conference and jury trial.  (See

15  Dkt. No. 71.)

16         The fifth factor also favors dismissal.  The court advised plaintiff of the Local

17  Rules and granted plaintiff three extensions of time to oppose the motion for summary judgment,

18  all to no avail.  The court finds no suitable alternative to dismissal of this action.

19         Under the circumstances of this case, the third factor, prejudice to defendants

20  from plaintiff's failure to oppose the motion, should be given little weight.  Plaintiff's failure to

21  oppose the motion does not put defendants at any disadvantage in this action.  See Fedrik, 963

22  F.2d at 1262.  The defendants would only be "disadvantaged" by a decision to continue this

23  action where plaintiff has failed to file an opposition to the motion for summary judgment.

24         The fourth factor, public policy favoring disposition of cases on their merits,

25  weighs against dismissal of this action as a sanction.  However, for the reasons set forth above,

26  the first, second and fifth factors strongly support dismissal and the third factor does not mitigate

against it.  Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 29, 2012.

_Dale A. Drozd_

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:dpw
mitc1658.46fr