IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL J. MITCHELL

     Plaintiff,                        No. 2:08-CV-1658 JAM DAD P

     vs.

SNOWDEN, et al.                    <u>ORDER AND</u>

     Defendants.               <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On June 8, 2012, defendants filed a motion for summary judgment. Since then, plaintiff has received no fewer than five extensions of time from the court in which to file an opposition to that pending motion for summary judgment. (Docket Nos. 88, 90, 93, 96 & 103.) In the court's September 19, 2012, order granting his request for extension of time, plaintiff was first told that no further extensions of time would be granted for this purpose. (Docket No. 96 at 2.) The last extension of time to oppose summary judgment, granted by the court on January 23, 2013, was for fourteen days. (Docket No. 103) In granting that final extension of time the court also vacated it's the previously filed recommendation that this action be dismissed due to plaintiff's earlier failure to file an opposition to defendants' motion for

/////

1

summary judgment and warned plaintiff once again that no further extensions of time would be granted for this purpose. (Id. at 2.)[1]

Rather than file an opposition brief setting forth his arguments against summary judgment as ordered by the court, plaintiff on February 15, 2013, plaintiff filed an untimely three-and-a-half page explanation of why he needs yet more time to oppose defendants' summary judgment motion. (See Docket No. 104.[2]) The court's last order clearly stated there would be no further extensions of time granted to plaintiff for that purpose "absent yet another showing of extraordinary circumstances." (Order at 2, Docket No. 103.) Plaintiff has not made such a showing. Therefore his request for another extension will be denied.

Plaintiff was noticed throughout his communications with the court that failure to oppose a motion for summary judgment could result in a recommendation of dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Indeed, the court has made that recommendation once before due to plaintiff's failure to file opposition to the pending motion. (See Vacated Findings and Recommendations (Docket No. 98) filed Oct. 30, 2012.) Under these circumstances, and in a case that has been pending before the court since July of 2008, plaintiff has simply left the court with no alternative but to make that recommendation once again.

/////

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for an extension

---

[1] The recommendation of dismissal was vacated and the final extension of time to file opposition was granted only because the court found that plaintiff had made a credible showing that he had prepared his opposition brief and gave it to correctional staff for mailing but that it somehow was not mailed. (Docket No. 103 at 2.) Because the opposition was purportedly already drafted and merely needed to be re-mailed, the court granted the final fourteen day extension of time to plaintiff. (Id.)

[2] Therein, plaintiff maintains that he did not keep a copy of his opposition to the pending summary judgment motion, but rather gave the original to correctional staff for mailing and that it then was apparently lost. (Docket No. 104.) Plaintiff represents that he's been unable to reproduce his opposition in the time provided by the court and that within days he will submit the portion of his opposition that he has completed. (Id.) Five more days have passed since plaintiff's untimely response to the court's January 23, 2013 order and no additional documents have been received by the court from plaintiff.

1  of time to file opposition to the pending motion for summary judgment (Docket No. 104) is
2  denied.
3         IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to
4  Federal Rule of Civil Procedure 41(b) due to plaintiff's failure to prosecute this action and his
5  failure to comply with the court's orders.
6         These findings and recommendations are submitted to the United States District
7  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
8  days after being served with these findings and recommendations, any party may file written
9  objections with the court and serve a copy on all parties.  Such a document should be captioned
10 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
11 objections shall be filed and served within seven days after service of the objections.  The parties
12 are advised that failure to file objections within the specified time may waive the right to appeal
13 the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
14 DATED: February 20, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm
mitch1658.46fr