UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. MITCHELL,<br><br>    Plaintiff,<br><br>    v.<br><br>SNOWDEN, et al.,,<br><br>    Defendants. | No.  2:08-cv-1658 JAM DAD P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed a motion to alter or amend the judgment entered in this case.  Defendants have opposed the motion.

**BACKGROUND**

On June 8, 2012, defendants filed a motion for summary judgment.  Thereafter, the assigned magistrate judge granted plaintiff three extensions of time to file an opposition to defendants' motion.  On October 30, 2012, having not received an opposition to the pending motion for summary judgment from plaintiff, the assigned magistrate judge issued findings and recommendations, recommending that the action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff filed objections to those findings and recommendations and represented to the court that he in fact submitted his opposition to defendants' motion for summary judgment on October 11, 2012, to the appropriate prison official for delivery but that it never left the prison's outgoing mail.

1

1     On January 23, 2013, the assigned magistrate judge found that plaintiff had made a credible showing that he attempted to file a timely opposition to the defendants' pending motion for summary judgment and vacated the findings and recommendations in which it had been recommended that this action be dismissed.  At that time plaintiff was granted a final fourteen-day extension of time to file his opposition to defendants' motion for summary judgment and was warned that no further extensions of time would be granted for that purpose.  However, on February 21, 2013, having still not received any opposition to defendants' motion for summary judgment from plaintiff, the assigned magistrate judge again issued findings and recommendations, recommending that this action be dismissed due to plaintiff's failure to prosecute this action and comply with the court's orders.  As noted in the latter findings and recommendations, rather than file an opposition setting forth his arguments against summary judgment as ordered by the court, plaintiff on February 15, 2013, had filed an untimely three-and-a-half page explanation of why he needed yet more time to oppose defendants' summary judgment motion.  On April 25, 2013, the undersigned adopted the assigned magistrate judge's February 21, 2013, findings and recommendations in full and dismissed the action without prejudice.  The court entered judgment on the same day.

## DISCUSSION

Pending before the court is plaintiff's motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  In his motion, plaintiff contends that he has completed his opposition to defendants' motion for summary judgment and will submit it if the court allows him to do so.  Plaintiff contends that he did not have a copy of his previously-undelivered October 11, 2012, opposition to the defendants' motion for summary judgment because the copier at the prison where he was incarcerated was out of order at that time and therefore, he was required to re-create his opposition.

Under Rule 59(e), reconsideration pursuant to a motion to alter or amend a judgment is appropriate if the court

> (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. [citation omitted.]

There may also be other, highly unusual, circumstances warranting reconsideration.

School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1262-63 (9th Cir. 1993). See also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999).

As defense counsel observes in opposing plaintiff's motion to alter or amend the judgment, in this case plaintiff has failed to present any newly discovered evidence, demonstrate that the court committed clear error, or cited to any intervening change in the controlling law such that reconsideration is warranted. Nor has plaintiff informed the court of any highly unusual circumstances that warrant reconsideration. The court provided plaintiff with repeated opportunities to file an opposition to defendants' summary judgment motion. (See Doc. Nos. 88, 90, 93, 96 and 103.) Although plaintiff clearly disagrees with the court's order dismissing this action, he has not set forth any grounds whatsoever for the court to grant him relief under Rule 59.[1]

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time to file a motion to alter or amend the judgment (Doc. No. 114) is denied as unnecessary; and

2. Plaintiff's motion to alter or amend the judgment (Doc. No. 115) is denied.

DATED: December 9, 2013

/s/ John A. Mendez

UNITED STATES DISTRICT COURT JUDGE

---

[1] Even if the court were to construe plaintiff's motion as one brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, the court would still not grant him relief. Under Rule 60(b), the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The court finds that none of these potential grounds applies in this case.